# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROLANDO ALVARADO, <br>    Appellant, | DOCKET NUMBER <br> SF-0432-19-0560-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, <br>    Agency. | DATE: December 20, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Ronald P. Ackerman</u>, Esquire, Los Angeles, California, for the appellant.

<u>Paul McBride</u>, Van Nuys, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his demotion based on his unacceptable contribution under one critical factor of his position. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved the elements of its chapter 43 contribution-based action under the law as it existed at the time of the appeal.</u>

In demoting the appellant, the agency relied on the appellant's alleged failure to complete six tasks falling under all three critical factors of his position. Initial Appeal File (IAF), Tab 15 at 12-17, 39-44. However, the administrative judge found that the agency had accepted the appellant's work under five of the tasks. Thus, the administrative judge sustained the demotion action based solely on the appellant's inadequate work under task A, which fell under critical factor two, Communications and/or Teamwork. IAF, Tab 19, Initial Decision (ID) at 9-10, 12. On review, the appellant argues, among other things, that he was not afforded a reasonable opportunity to demonstrate acceptable contribution, he was not afforded the promised assistance, and his work was acceptable. Petition for Review File, Tab 1 at 6-10.

To prevail in an appeal of a Contribution-based Compensation and Appraisal System (CCAS) action, an agency must prove different elements than those in a traditional performance-based action under 5 U.S.C. chapter 43, but such actions are still appealable to the Board under 5 U.S.C. chapter 43. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 7 (2015); *see* Civilian Acquisition Workforce Personnel Demonstration Project; Department of Defense, 64 Fed. Reg. 1426-01, 1481 (Jan. 8, 1999). The administrative judge properly found, under the law as it existed at the time, that to prevail in an appeal of a CCAS contribution-based action, the agency must show by substantial evidence that (1) it notified the appellant that he would be placed on a Contribution Improvement Plan (CIP), (2) it informed him of what he must do during the CIP to demonstrate acceptable contribution and warned him that failure to do so could result in an employment action, (3) it gave him a reasonable opportunity to

demonstrate acceptable contribution during the CIP, and (4) the appellant's contribution was unacceptable during the CIP. ID at 5 (citing *Thompson*, 122 M.S.P.R. 372, ¶ 7).

The appellant does not challenge the administrative judge's finding that the agency has proven elements 1 and 2 by substantial evidence. ID at 5-6. In this case, the parties stipulated that the agency communicated to the appellant the performance standards and critical elements of his position and that it warned him of the inadequacies of his performance during the appraisal period. IAF, Tab 16 at 4. It was not inappropriate for the administrative judge to consider these stipulations but, contrary to her conclusion, they fall short of fully satisfying the agency's burden on elements 1 and 2. ID at 5-6. The record shows, however, that the agency notified the appellant that he would be placed on a CIP, informed him of what he must do during the CIP to demonstrate acceptable contribution, and warned him that failure to do so could result in an employment action. IAF, Tab 8 at 12-15.

Regarding the reasonableness of the time period in which the appellant had to demonstrate acceptable contribution, the record reflects that, while shorter time frames may have initially been set, the appellant was ultimately afforded 60 days to demonstrate acceptable contribution, and the administrative judge found the time frame to be reasonable. ID at 6-7; IAF, Tab 5 at 37, Tab 8 at 14. The administrative judge also found that the appellant's supervisor provided him with adequate assistance and that the agency established by substantial evidence that the appellant's contribution under critical factor two was inadequate. ID at 8-12. In making her findings, the administrative judge relied on the hearing testimony of the witnesses and the documentary evidence. We discern no reason to reweigh the evidence or substitute our assessment of the evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made

reasoned conclusions); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). We therefore find that the agency proved the elements of its chapter 43 contribution-based action under the law as it existed at the time of the appeal.

Remand is required under *Santos*.

Although the appellant has identified no basis for us to disturb the initial decision, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that an agency must also justify the institution of a performance improvement plan (PIP) by proving that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the appeal in *Santos* involved a performance-based action under a traditional performance-based appraisal system, we find that the Federal Circuit's reasoning applies equally to the contribution-based action taken under the CCAS at issue here. *See Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 19 (applying *Santos* to a chapter 43 action arising out of a similar contribution-based system). The agency's authority to initiate a CIP under CCAS is predicated on "[i]nadequate contribution in any one factor at any time during the appraisal period . . . . " 64 Fed. Reg. at 1481. Additionally, a CIP notice must explain how the employee's contribution scores are inadequate and what improvements are required and inform him that he may face an employment action "unless the contribution increases to, and is sustained at, a higher level . . . ." *Id.*; *cf. Santos*, 990 F.3d at 1360-61 (examining similar

statutory language to conclude that that an agency must justify institution of a PIP when an employee challenges a performance-based removal under chapter 43). We therefore remand this case for further adjudication of the appellant's demotion under the standard set forth in *Santos*. *See Lee*, 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument on the requirement in *Santos*. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate prior findings on other elements of the agency's case in the remand initial decision.

**ORDER**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        _____
                      Jennifer Everling
                      Acting Clerk of the Board
Washington, D.C.